J. B. MATHEWSON *et al. vs.* BENJAMIN TRIPP, City Treasurer
of the City of Providence, *et al.*

A statute provided that the Board of Public Works in the city of Providence might hire
such employees as it deemed needful, "and agree with them for their compensation, pro-
vided, however, that when such compensation shall exceed the sum of $1,000 *per annum*
such compensation shall be subject to the approval of the city council . . . which said
compensation shall be paid out of the city treasury."

Of the employees so hired, the city council approved the compensation of all except two,
who were hired at more than $1,000 per annum, and in regard to whom the council took
no action.

*Held,* that these two were entitled to the pay agreed on with the Board of Public Works.

*Held,* further, that the city council could disapprove the compensation agreed on by the
Board of Public Works or approve it with a reduction in amount, but could not, by mere
non action, defeat the agreement made by the board.

BILL IN EQUITY brought by certain tax payers resident in
Providence against the city treasurer and the city auditor, asking
for an account, an injunction, and an order to compel the treasurer
to refund certain moneys paid by him from the treasury.

*December* 31, 1884. DURFEE, C. J. This is a suit in equity
for an injunction to restrain the defendants, the city auditor and
city treasurer of the city of Providence, from auditing and paying
the salaries of certain employees of the Board of Public Works
of said city, and for other relief. The question involved arises
under the following provision of Pub. Laws R. I. cap. 815, of
April 15, 1880, being the act for the establishment of the Board
of Public Works, to wit: "Said board may employ such agents
and servants as they may deem necessary and agree with them
for their compensation; provided, however, that when such com-
pensation shall exceed the sum of one thousand dollars *per annum*
such compensation shall be subject to the approval of the city
council; and provided, further, that the aggregate amount paid
for such compensation shall not exceed the amount appropriated
therefor by said city council, which said compensation shall be
paid out of the city treasury."

Previous to January 17, 1881, the board employed several per-
sons under this provision, agreeing with them for a compensa-
tion in excess of $1,000 *per annum.* On January 17, 1881, the
board presented a list of the persons so employed and of the com-
pensation agreed for with each of them to the city council. The

city council by vote approved the compensation agreed for in the case of all these persons but two, namely, Clinton D. Sellew, whose compensation was agreed for at $2,300, and Philip S. Chase, whose compensation was agreed for at $1,700 *per annum.* In the case of these two persons the city council has neither expressly approved nor expressly disapproved of the compensation agreed for. Sellew and Chase have remained in the employment of the board, and have been paid out of the city treasury their salaries as agreed for. The complainants, who are tax payers of the city of Providence, maintain that the payments are unlawful, and ask that they may be enjoined for the future, and that the defendant Tripp may be decreed to refund.

The complainants construe the provision above recited to mean that no person employed by the board, under an agreement for more than $1,000 *per annum,* can lawfully be paid out of the city treasury more than $1,000 *per annum* until the larger compensation agreed for has been expressly approved by the city council. We do not so construe the provision. The provision authorizes the board to employ such agents and servants as they may deem necessary, and to agree with them for their compensation. It does not declare that the employment shall not begin, or that the agreement shall not be operative, until the compensation agreed for, when it exceeds $1,000 a year, is approved by the city council, but only that the compensation agreed for, when it exceeds $1,000 a year, shall be subject to the approval of the city council. Now suppose the board employs a man and agrees to pay him $2,000 a year, and the employee immediately goes to work under that agreement. The board reports to the city council and the city council does nothing. Is the employee to have nothing for his services ? The complainants say he can have $1,000 a year. But the board agreed with him for $2,000, and he has served under that agreement. The answer of the complainants is that the agreement is subject to the approval of the city council, and the city council has not approved it. The employee may reply, " It is true the agreement, or rather the compensation agreed for, is subject to the approval of the city council, but, nevertheless, it is an agreement which the board was authorized by the statute to make with me, and, having earned my salary by service under it,

there is no reason why I should not be paid. The agreement, as you construe the statute, is not an agreement, but merely a nego-tiation for an agreement." It seems to us that the employee in this would have the better of the argument. If it be asked, what becomes of the right of the city council under such a construction, we answer that the compensation agreed for still remains subject to the right, unless the city council has relinquished it, and it can still exercise it. It can now, if it has not relinquished its right, either approve or disapprove the compensation. We have no doubt, moreover, that it can approve subject to a reduction, and that, if the employee then continues in service, he will thereafter be entitled only to the compensation as reduced. We think, how-ever, that the agreement of the board with him holds until the city council acts, and that it cannot defeat the agreement by mere non action.

The bill is dismissed with costs. *Decree accordingly.*

*Charles A. Wilson & Thomas A. Jenckes,* for complainants.

*Nicholas Van Slyck,* City Solicitor of the City of Providence, for respondents.